UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**DERREL L. THOMAS, SR., et al.,**

　　　**Plaintiffs,**

**v.**　　　　　　　　　　　　　　　　　　　　Case No. 8:23-cv-2777-MSS-AAS

**DETECTIVE T. HYLER, et al.,**

　　　**Defendants.**

_____/

## ORDER

　　　Derrel L. Thomas, Sr., Derrel L. Thomas, Jr., and Deanna N. Thomas sue Detective T. Hyler and Sheriff Al Nienhuis for federal civil rights violations under 42 U.S.C. § 1983. (Doc. 1)  The defendants move to dismiss the complaint.  (Doc. 6)  Derrel L. Thomas, Sr., opposes the motion to dismiss.  (Doc. 9)  After reviewing the complaint, the motion, and the response, the Court **GRANTS** the motion to dismiss as stated herein.  The Complaint is dismissed without prejudice and with leave to amend.

### I.　Complaint

　　　The plaintiffs sue Detective T. Hyler in his individual capacity for false arrest and false imprisonment.  They sue Sheriff Al Nienhuis in his official capacity for failure to train.  The plaintiffs seek to recover compensatory and punitive damages. The complaint alleges the following facts in support of those claims.

　　　On July 20, 2023, the Hernando County Sheriff's Office executed a search warrant at the home of Thomas, Sr., in Brooksville, Florida.  (Doc. 1 at 2)  Plaintiff Deanna Thomas, who is the daughter of Thomas, Sr., was the only person present at the home when deputies arrived.  (*Id.*)  Neither Deanna Thomas nor Thomas, Jr., reside at the home.  (*Id.*)

When Thomas, Sr., arrived at his home, he was surrounded by unnamed deputies who informed him that they were executing a search warrant because they alleged Thomas, Jr., was selling drugs.  (*Id.*)  Thomas, Sr., denied that anyone was selling drugs on his property and remained outside his home.  (*Id.*)

Approximately one hour later, Thomas, Jr., arrived at the home and was arrested.  (*Id.* at 3)  Thirty minutes after Thomas, Jr.'s arrest, Detective Hyler arrived.  (*Id.*)  Detective Hyler asked Thomas, Sr., whether he knew that Thomas, Jr., had been selling drugs, to which Thomas, Sr., replied that no one was selling drugs on his property.  (*Id.*)  Detective Hyler stated that he had been watching Thomas, Jr., for three months.  (*Id.*)

The deputies were inside Thomas, Sr.,'s home for nearly two hours.  (*Id.*)  During that time, the deputies destroyed the home, broke expensive watches, took all of the video cameras, and tore apart a safe.  (*Id.* at 4)

Detective Hyler entered the home and reported that he found the following: 1.8 grams of cocaine inside a kitchen drawer, 7.5 grams of fentanyl inside a two-drawer nightstand in the living room, and 1.0 grams of fentanyl inside a dining room armoire.  (*Id.* at 3)  It was not until Detective Hyler arrived that the drugs were found.  (*Id.*)  Detective Hyler planted the drugs.  (*Id.*)

The deputies arrested Thomas, Sr., and Deanna Thomas because Detective Hyler said that drugs were found in a common area of the house.  (*Id.* at 3)

## II.    Standard of Review

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a pleading must include a "short and plain statement of the claim showing that the pleader is entitled to relief."  *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (quoting Fed. R. Civ. P.

8(a)(2)). Labels, conclusions, and formulaic recitations of the elements of a cause of action are not sufficient. *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Furthermore, mere naked assertions are not sufficient. *Id.* "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). The court, however, is not bound to accept as true a legal conclusion stated as a "factual allegation" in the complaint. *Id.*

## III.    Analysis

### A.    Plaintiffs Derrell Thomas, Jr., and Deanna Thomas

The Defendants move to dismiss the claims asserted on behalf of Thomas, Jr., and Deanna Thomas because Thomas, Sr., who is a non-lawyer proceeding *pro se,* cannot represent the interests of the other *pro se* plaintiffs. (Doc. 6 at 4–5)  In his response to the motion to dismiss, Thomas, Sr., agrees and states that he intends to represent only his rights in this action.  (Doc. 9 at 1)

The statute that permits a party to proceed *pro se*, 28 U.S.C. § 1654, provides "a personal right that does not extend to the representation of the interests of others." *Timson v. Sampson*, 518 F.3d 870, 873 (11th Cir. 2008).  The right to proceed *pro se* is limited to parties conducting "their own cases" and does not extend to non-attorney parties representing the interests of others. *Fuqua v. Massey*, 615 F. App'x 611, 612 (11th Cir. 2015).  Accordingly, the Court dismisses without prejudice the claims brought on behalf of Derrell Thomas, Jr., and Deanna Thomas.

### B.      Detective Troy Hyler

The Defendants move to dismiss the false arrest and false imprisonment claims asserted against Detective Hyler. With little explanation, they argue the complaint lacks sufficient factual detail to show how the arrest and imprisonment were unlawful.  (Doc. 6 at 9–10)  They summarily argue that Detective Hyler is entitled to qualified immunity because there was arguable probable cause to arrest the plaintiffs for drug possession.  (*Id.* at 10–11)

False arrest and false imprisonment are overlapping torts which both concern detention without legal process.  *Wallace v. Kato*, 549 U.S. 384, 388–89 (2007); *Williams v. Aguirre*, 965 F.3d 1147, 1157 (11th Cir. 2020).  "To succeed on a false arrest claim, a plaintiff must establish (1) a lack of probable cause and (2) an arrest."  *Richmond v. Badia*, 47 F.4th 1172, 1180 (2022).  "A warrantless arrest without probable cause violates the Fourth Amendment and forms a basis for a section 1983 claim."  *Baxter v. Roberts*, 54 F.4th 1241, 1265 (11th Cir. 2022).

"A false imprisonment claim under § 1983 requires meeting the common law elements of false imprisonment and establishing that the imprisonment was a due process violation under the Fourteenth Amendment."  *Helm v. Rainbow City, Ala.*, 989 F.3d 1265, 1278 (11th Cir. 2021); *see also Campbell v. Johnson*, 586 F.3d 835, 840 (11th Cir. 2009).  Those elements include "an intent to confine, an act resulting in confinement, and the victim's awareness of confinement."  *Campbell*, 586 F.3d at 840.  To establish a due process violation, the plaintiff must show that the defendants "acted with deliberate indifference . . . . This means that [the defendants] had subjective knowledge of a risk of serious harm and disregarded that risk by actions beyond mere negligence."  *Id.* (citations omitted).

"An officer violates a person's Fourth Amendment right against unreasonable seizures if the officer arrests that person without probable cause to make the arrest." *Garcia v. Casey*, 75 F.4th 1176, 1186 (11th Cir. 2023). "Probable cause is established where facts, 'derived from reasonable trustworthy information, are sufficient to cause a person of reasonable caution to believe that a criminal offense has been or is being committed.'" *Id.* (quoting *Brown v. City of Hunstville*, 608 F.3d 724, 734 (11th Cir. 2010)). "'The correct legal standard to evaluate whether an officer had probable cause to seize a suspect is to ask whether a reasonable officer would conclude that there was a substantial chance of criminal activity.'" *Id.* (quoting *Washington v. Howard*, 25 F.4th 891, 902 (11th Cir. 2022) (alterations omitted). "[T]he existence of probable cause at the time of arrest is an absolute bar to a subsequent constitutional challenge to the arrest." *Brown*, 608 F.3d at 734.

In the context of a false arrest or false imprisonment claim, a law enforcement officer who makes an arrest without probable cause is nevertheless entitled to qualified immunity if there was "arguable probable cause" for the arrest. *Garcia*, 75 F.4th at 1186. "An officer has *arguable* probable cause if 'a reasonable officer, looking at the entire legal landscape at the time of the arrests, could have interpreted the law as permitting the arrests.'" *Id.* (*quoting District of Colombia v. Wesby*, 583 U.S. 48, 68 (2018)). "An officer lacks arguable probable cause only if the state of the law on the date of the alleged misconduct makes it obvious that the officers acts violated the plaintiff's rights in the specific set of circumstances at issue." *Id.* (quotation and alteration omitted). "Accordingly, 'the dispositive question is whether it was already clearly established, as a matter of law, that at the time of Plaintiff's arrest, an objective officer could not have concluded reasonably that probable cause existed to arrest Plaintiff

under the particular circumstances Defendants confronted.'" *Id*. (quoting *Gates v. Khokhar*, 884 F.3d 1290, 1303 (11th Cir. 2018)).

"[The Eleventh Circuit] [has] recognized three ways to establish [the officer was on] notice [of the unlawfulness of their conduct]." *Id*. at 1186. "First, there may be an existing judicial precedent where an officer acting under similar circumstances was held to have violated the Fourth Amendment." *Id*. (quotations omitted). "Second, there may be a source of law—such as a statute—that is so clearly on point that a precedent with similar circumstances is unnecessary." *Id*. (citations omitted). "Third, the officer's conduct might be so egregious or outrageous that every reasonable officer would know the conduct is unlawful." *Id*. (citations omitted).

Here, Thomas, Sr., fails to adequately allege claims for false arrest and false imprisonment. He alleges that Detective Hyler searched his home pursuant to a search warrant, which resulted in his arrest after Detective Hyler discovered drugs in the home. It is not until his response to the defendants' motion to dismiss that Thomas, Sr., attempts to modify and bolster his claims by challenging the validity of the search warrant. He argues that the issuance of the search warrant on [his] property was unlawful" because "the information in the affidavit was false." (Doc. 9 at 3) He further argues that Detective Hyler did not have arguable probable cause to arrest him because the search warrant was aimed at his son's alleged criminal activity and not his own alleged criminal activity and because he was not a suspect to any crime. Such allegations, if contained in his complaint and accepted as true, may support claims for false arrest and false imprisonment. However, a complaint may not be amended by briefs in opposition to a motion to dismiss. *See Huls v. Llabona*, 437 F. App'x 830, 832 n.5 (11th Cir. 2011). Furthermore, Thomas, Sr., alleges no facts to describe

his alleged confinement after arrest, nor does he allege facts that show Detective Hyler acted with deliberate indifference in confining him, both of which are necessary to state a claim for false imprisonment.

Based on the bare allegations contained in the Complaint and the meager arguments asserted in the motion to dismiss, the Court concludes that dismissal without prejudice is appropriate. Because this is the first time the Court has explained the type of allegations necessary to state a claim and has identified pleading deficiencies, the Court will permit Thomas, Sr., an opportunity to file an amended complaint in which he may attempt to state a claim for false arrest or false imprisonment. *See Horn v. Estate of Camacho*, 817 F. App'x 872, 874 (11th Cir. 2020) ("Where a more carefully drafted complaint might cure the deficiencies in a complaint, a pro se plaintiff must be given at least one chance to amend before it is dismissed with prejudice. . . . Absent of one of [two exceptions not applicable here], a district court must advise a pro se plaintiff of the deficiencies in his complaint and give him an opportunity to amend." (internal quotation marks and citation omitted)).

## B.    Sheriff Al Nienhuis

The Defendants move to dismiss the failure-to-train claim asserted against Sheriff Nienhuis for failure to state a claim under *Monell v. Dep't of Social Servs. of City of New York*, 436 U.S. 658 (1978).  (Doc. 6 at 11–13)  They argue that Thomas, Sr., failed to identify a particular custom or policy that was the moving force behind the alleged constitutional violations.  (*Id*. at 13)

 "Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'"  *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (quoting *Monell*, 436 U.S. at 690 n.55).  "When . . . the defendant is the county sheriff,

the suit is effectively an action against the governmental entity he represents — [the county]." *Cook ex rel. Estate of Tessier v. Sheriff of Monroe Cty., Fla.*, 402 F.3d 1092, 1115 (11th Cir. 2005).

Under *Monell*, 436 U.S. at 694, a local government is liable when a policy or custom implemented by the local government causes injury to the plaintiff. Consequently, "[a] plaintiff can establish municipal liability under *Monell* in three ways: (1) identifying an official policy; (2) identifying an unofficial custom or widespread practice that is so permanent and well settled as to constitute a custom and usage with the force of law; or (3) identifying a municipal official with final policymaking authority whose decision violated the plaintiff's constitutional rights." *Chabad Chayil, Inc. v. School Bd. of Miami-Dade Cty., Fla.*, 48 F.4th 1222, 1229 (11th Cir. 2022).

The Supreme Court of the United States has cautioned "that there are limited circumstances in which an allegation of a 'failure to train' can be the basis for [municipal] liability under § 1983." *City of Canton*, 489 U.S. at 387.  "To satisfy the statute, a municipality's failure to train its employees in a relevant respect must amount to 'deliberate indifference to the rights of persons with whom the [untrained employees] come into contact.'" *Connick v. Thompson*, 563 U.S. 51, 60 (2011) (quoting *City of Canton*, 489 U.S. at 388); *see also City of Canton*, 489 U.S. at 389 ("Only where a failure to train reflects a 'deliberate' or 'conscious' choice by a municipality—a 'policy' as defined by our prior cases—can a [municipality] be liable for such a failure under § 1983.").  "Deliberate indifference is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." *Bd. of Cnty. Comm'rs of Bryan Cnty., Okla. v. Brown*, 520 U.S. 397, 410 (1997).

"To establish a 'deliberate or conscious choice' or such 'deliberate indifference,' a plaintiff must present some evidence that the municipality knew of a need to train . . . in a

particular area and the municipality made a deliberate choice not to take any action." *Gold v. City of Miami*, 151 F.3d 1346, 1350 (11th Cir. 1998). The Eleventh Circuit "repeatedly has held that without notice of a need to train . . . in a particular area, a municipality is not liable as a matter of law for any failure to train." *Id.* at 1351. "A pattern of similar constitutional violations by untrained employees is 'ordinarily necessary' to demonstrate deliberate indifference for purposes of failure to train." *Connick*, 563 U.S. at 62 (quoting *Brown*, 520 U.S. at 409).

Here, Thomas, Sr., describes his claim against Sheriff Nienhuis in one sentence. He sues Sheriff Nienhuis "for the practice and not training his detective to not arrest without probable cause." (Doc. 1 at 5) He provides no factual allegations to support this claim. As explained above, the Court is not bound to accept as true a legal conclusion stated as a "factual allegation" in the complaint. *See Ashcroft*, 556 U.S. at 677–78.

Thomas, Sr., fails to allege sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* He neglects to allege any supporting facts to show a deliberate or conscious choice by Sheriff Nienhuis (or the county) to decline to train its employees. Nor does Thomas, Sr., identify any other incidents in which county employees falsely arrested others without probable cause. And, he does not allege that the county knew of a particular need to train and deliberately chose not to undertake such training. Accordingly, Thomas, Sr.'s bare allegation is insufficient to state a claim for failure to train against Sheriff Nienhuis.

Accordingly, the failure to train claim asserted against Sheriff Nienhuis must be dismissed. Again, because this is the first time the Court has explained the type of allegations

necessary to state a claim and has identified pleading deficiencies, the dismissal is without prejudice to Thomas, Sr., filing an amended complaint.  *See Horn*, 817 F. App'x at 874.

### C.    Punitive Damages

Finally, the Defendants correctly argue that Sheriff Nienhuis is immune from liability for punitive damages under 42 U.S.C. § 1983, and therefore, the claim for punitive damages should be dismissed.  (Doc. 6 at 13–14)  "[P]unitive damages are unavailable in a suit against a county and, hence, in a suit against a county employee in his or her official capacity." *Chatham v. Adcock*, 334 F. App'x 281, 287 (11th Cir. 2009)[1] (citing *Newport v. Fact Concerts*, 453 U.S. 247, 271 (1981) (stating that "a municipality is immune from punitive damages under 42 U.S.C. § 1983")).  Accordingly, because Sheriff Nienhuis is immune from liability for punitive damages, the claim for punitive damages against him in his official capacity is dismissed with prejudice.

## IV.    Conclusion

Accordingly, for the reasons explained herein, the motion to dismiss (Doc. 6) is **GRANTED** as follows:

1.    The claims brought on behalf of Derrell Thomas, Jr., and Deanna Thomas are **DISMISSED WITHOUT PREJUDICE**.    The Clerk is directed to **TERMINATE** these two plaintiffs from the docket.

2.    The false arrest and false imprisonment claims against Detective Hyler in his individual capacity are **DISMISSED WITHOUT PREJUDICE**.

---

[1] 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.")

3.   The failure-to-train claim against Sheriff Nienhuis in his official capacity is **DISMISSED WITHOUT PREJUDICE**.

4.   The punitive damages claim against Sheriff Nienhuis in his official capacity is **DISMISSED WITH PREJUDICE**.

5.   Thomas, Sr., may file an amended complaint consistent with this order no later than **September 13, 2024.**

    a.   The amended complaint will supersede the original complaint. Therefore, the amended complaint must contain all claims for relief.  It must not refer to or incorporate the original complaint.

    b.   If Thomas, Sr., fails to file an amended complaint within the time allotted, this order dismissing the complaint will become a final judgment. "[A]n order dismissing a complaint with leave to amend within a specified time becomes a final judgment if the time allowed for amendment expires without the plaintiff [amending his complaint or] seeking an extension.  And when the order becomes a final judgment, the district court loses 'all its prejudgment powers to grant any more extensions' of time to amend the complaint." *Auto. Alignment & Body Serv., Inc. v. State Farm Mut. Auto. Ins. Co* ., 953 F.3d 707, 720–21 (11th Cir. 2020) (quoting *Hertz Corp. v. Alamo Rent-A-Car, Inc.*, 16 F.3d 1126 (11th Cir. 1994)).

6.      Thomas, Sr., must advise the Court of any change of address.  The failure to comply with this order will result in the dismissal of this case without further notice.

**DONE and ORDERED** in Chambers in Tampa, Florida, this 13th day of August, 2024.

_____
MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE