UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**DERREL L. THOMAS, SR., et al.,**

    **Plaintiffs,**

v.                                                                                          Case No. 8:23-cv-2777-MSS-AAS

**DETECTIVE T. HYLER, et al.,**

    **Defendants.**
_____/

**ORDER**

Derrel L. Thomas, Sr., sues Detective Troy Hyler and Hernando County Sheriff Al Nienhuis for federal civil rights violations under 42 U.S.C. § 1983. An earlier order explained the applicable law governing Thomas, Sr.'s, claims and dismissed without prejudice his claims for false arrest, false imprisonment, and failure to train. (Doc. 12) Thomas, Sr., was permitted an opportunity to amend, and he now proceeds *pro se* on his Amended Complaint. (Doc. 13)

Before the Court is the defendants' motion to dismiss the Amended Complaint. (Doc. 14) The Court granted Thomas, Sr.'s, motion for an extension of time to respond to the defendants' motion to dismiss and ordered him to respond by December 13, 2024. (Doc. 17) That order was mailed to Thomas, Sr., at his current address and was not returned as undeliverable.[1] To date, Thomas, Sr., has not responded to the defendants' motion to dismiss, nor has he sought an additional extension of time to do so. Accordingly, the motion to dismiss

---

[1] The address on record for Thomas, Sr., is his residence in Brooksville, Florida.

is construed as unopposed. M.D. Fla. Loc. R. 3.01(c) ("If a party fails to timely respond, the motion is subject to treatment as unopposed.").

For the reasons stated herein, the unopposed motion to dismiss is **GRANTED**, and the Amended Complaint is **DISMISSED WITH PREJUDICE**.

I.      **Amended Complaint**

Thomas, Sr., again asserts claims of false arrest and false imprisonment against Detective Hyler in his individual capacity, and he adds a claim for trespassing. He asserts a failure-to-train claim against Sheriff Nienhuis. He seeks to recover compensatory and punitive damages.

Despite having an opportunity to amend, Thomas, Sr., neglects to allege a discernable set of facts. The Amended Complaint mostly contains disorganized legal arguments with minimal facts randomly inserted throughout those arguments. Attached to the pleading are three arrest affidavits, which were absent from Thomas, Sr.'s original complaint. The first and second arrest affidavits concern the arrest of Thomas, Sr.'s son, Derrel Thomas, Jr., and the third arrest affidavit concerns the arrest of Thomas, Sr., himself. (Doc. 13-1) It is from these arrest affidavits, and their supporting probable cause affidavits, that the Court can discern the events that form the basis of this action.

In the probable cause affidavits, Detective Hyler avers that on June 28, 2023, and again on July 6, 2023, Thomas, Jr., sold cocaine to a confidential informant at his residence located at 821 Moonlight Lane, Brooksville, Florida. (*Id.* at 2 and 5) On July 20, 2024, Detective Hyler executed a search warrant at the same address and arrested Thomas, Jr., for the two drug transactions. (*Id.*)

During the search of the residence, Detective Hyler reported that he found the following: 1.8 grams of cocaine inside a kitchen drawer, 7.5 grams of fentanyl inside a two-drawer nightstand in the living room, and 1.0 grams of fentanyl inside a dining room armoire. (*Id*. at 7) Thomas, Sr., who was present at the residence during the search, was arrested and charged with trafficking in fentanyl, possession of crack cocaine, and possession of drug paraphernalia. (*Id*.) Detective Hyler avers that Thomas, Sr., stated that he was the homeowner and that Thomas, Jr., moved out four days before the execution of the search warrant. (*Id*.)

In his Amended Complaint, Thomas, Sr., alleges that the affidavit supporting the search warrant (which is not attached to the pleading) contained unspecified, false information. Specifically, he alleges: "The issuance of a search warrant on Plaintiff property was unlawful, sufficient probable cause did not exist to issue a warrant on Plaintiff's property. The information in the affidavit was false, and the information in the affidavit was believed to be true at the time of submission, but later was found to be false." (Doc. 13 at 3) Furthermore, he alleges that: (1) he told Detective Hyler that his son never lived at the residence, and that (2) Detective Hyler had access to the common areas of the house and planted the drugs.

## II.  Standard of Review

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a pleading must include a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). Labels, conclusions, and formulaic recitations of the elements of a cause of action are not sufficient. *Id*. (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Furthermore, mere naked assertions are not sufficient. *Id*. "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citation omitted). The court, however, is not bound to accept as true a legal conclusion stated as a "factual allegation" in the complaint. *Id*.

### III.   Analysis

#### A.   Detective Troy Hyler

##### 1. False Arrest, False Imprisonment, and Malicious Prosecution

The defendants move to dismiss the false arrest and false imprisonment claims because Thomas, Sr.'s, allegations lack sufficient factual detail to show that his arrest was unlawful and because probable cause existed to arrest Thomas, Sr. (Doc. 14)

In its earlier order, the Court set forth the legal standards governing false arrest and false imprisonment claims, identified the deficiencies in the original complaint, and permitted Thomas, Sr., an opportunity to amend. (Doc. 12 at 4–7) Nevertheless, he fails to cure the deficiencies in his Amended Complaint.

Thomas, Sr.'s, false arrest and false imprisonment claims must fail because he was arrested pursuant to an arrest warrant, which is attached to his Amended Complaint. *See Carter v. Gore*, 557 F. App'x 904, 906 (11th Cir. 2014)[2] ("Given that Carter was arrested pursuant to a warrant, the district court properly concluded that Carter's only available claim

---

[2] 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.")

against Gore under § 1983 was for malicious prosecution."). Instead, the Court generously construes Thomas, Sr.'s Amended Complaint as an attempt to plead malicious prosecution. *See Cruitt v. Alabama*, 647 F. App'x 909, 909 (11th Cir. 2016) ("Federal courts have an obligation to look behind the label of a pleading filed by a pro se [plaintiff] and determine whether it is, in effect, cognizable under a different remedial statutory framework.") (quotations and alterations omitted).

A claim of malicious prosecution arises under the Fourth Amendment. *See Grider v. City of Auburn*, 618 F.3d 1240, 1256 (11th Cir. 2010) (stating that the Eleventh Circuit Court of Appeals has "identified malicious prosecution as a violation of the Fourth Amendment and a viable constitutional tort cognizable under § 1983." (citing *Wood v. Kesler*, 323 F.3d 872, 881 (11th Cir. 2003))). Malicious prosecution is a "'shorthand way of describing' certain claims of unlawful seizure under the Fourth Amendment." *Williams v. Aguire*, 965 F.3d 1147, 1157 (11th Cir. 2020) (quoting *Whiting v. Traylor*, 85 F.3d 581, 584 (11th Cir. 1996)).

To establish such a claim, Thomas, Sr., must "prove both a violation of his Fourth Amendment right to be free of unreasonable seizures and the elements of the common law tort of malicious prosecution." *Williams*, 965 F.3d at 1157 (quotations and brackets omitted). To prove a Fourth Amendment violation, Thomas, Sr., must prove "that the legal process justifying his seizure . . . was constitutionally infirm and that his seizure would not otherwise be justified without legal process." *Id*. at 1165. "[The plaintiff] can prove that his arrest warrant was constitutionally infirm if he establishes either that the officer who applied for the warrant should have known that his application failed to establish probable cause, or that an official . . . intentionally or recklessly made misstatements or omissions necessary to support the warrant." *Id*. (citations omitted). A warrant is void if the affidavit supporting such

5

warrant contains "deliberate falsity or . . . reckless disregard" for the truth and if "with the affidavit's false material set to one side, the affidavit's remaining content is insufficient to establish probable cause." *Franks v. Delaware*, 438 U.S. 154, 156 (1978).  To establish the common law elements of malicious prosecution, Thomas, Sr., must show that the officers "instituted or continued a criminal prosecution against him, 'with malice and without probable cause,' that terminated in his favor and caused damage to him." *Williams*, 965 F.3d at 1157 (quotations omitted); *see also Paez v. Mulvey*, 915 F.3d 1276, 1285 (11th Cir. 2019) (listing the common law elements of malicious prosecution).

Thomas, Sr., vaguely alleges that the search warrant that Detective Hyler obtained "never should have been issued on [his] property" because "the information in the affidavit was false, and the information in the affidavit was believe[d] to be true at the time of submission, but later was found to be false." (Doc. 13 at 3)  To the extent he intends to challenge the search warrant as constitutionally infirm, these vague allegations are insufficient to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 677–78.  The affidavit supporting the search warrant is not attached to the Amended Complaint and is absent from the record.  Thomas, Sr., neglects altogether to describe the false information in the search warrant affidavit or provide any other details to support this vague allegation.

Thomas, Sr., alleges the arrest affidavit contains false information because he did not tell Detective Hyler that his son moved out four days before the search, but rather, that he told Detective Hyler that his son *never* lived at the residence. (Doc. 13 at 4)  To the extent he intends to challenge the arrest affidavit as constitutionally infirm, such claim is insufficient because he neglects to allege that Detective Hyler "intentionally or recklessly made

6

misstatements or omissions necessary to support the warrant." *See Williams*, 965 F.3d at 1165. Furthermore, even if the affidavit contains false information about whether Thomas, Jr., lived at the residence, he alleges no facts to support the finding that "the affidavit's remaining content is insufficient to establish probable cause." *See Franks*, 438 U.S. at 156. Thomas, Sr., does not dispute that he lived at the residence where drugs were found.

In one sentence, and without any details, Thomas, Sr., alleges that Detective Hyler "had access to the common area of the house, and he planted those drugs." (Doc. 13) Even if such allegation was sufficient to state a claim for a Fourth Amendment violation, he nevertheless cannot proceed on a malicious prosecution claim because he has not alleged any facts to establish the common law elements of malicious prosecution. He alleges no facts to show that Detective Hyler "continued a criminal prosecution against him with malice and without probable cause that terminated in his favor and caused damage to him." *Williams*, 965 F.3d at 1157 (quotations omitted). The pleading is entirely devoid of any allegations about Thomas, Sr.'s prosecution, such as his confinement after arrest or whether he was adjudicated guilty and sentenced. He alleges neither that the prosecution terminated in his favor nor that the prosecution caused him damage. *See Paez*, 915 F.3d at 1285.

Accepting as true Thomas, Sr.'s, meager factual allegations, he fails to state a claim for false arrest, false imprisonment, or malicious prosecution. Because the Court already permitted Thomas, Sr., an opportunity to amend his false arrest and false imprisonment claims, and he neglects to cure their deficiencies, the false arrest and false imprisonment claims are dismissed with prejudice. *See Horn v. Estate of Camacho*, 817 F. App'x 872, 874 (11th Cir. 2020) ("Where a more carefully drafted complaint might cure the deficiencies in a

7

complaint, a *pro se* plaintiff must be given at least one chance to amend before it is dismissed with prejudice[.]") (citations omitted).

And, although this is the first time the Court has generously construed the allegations as a claim for malicious prosecution and set forth those elements, the Court need not grant Thomas, Sr., another opportunity to state a claim for malicious prosecution.  By failing to timely respond to the defendants' motion to dismiss after the Court granted him an extension of time to do so, Thomas, Sr., "clearly indicates he does not want to amend his complaint[,]" and the motion to dismiss is considered unopposed.  *See Horn*, 817 F. App'x at 874 ("A court need not grant leave to amend . . . if the plaintiff clearly indicates he does not want to amend his complaint[.]").  Accordingly, the claims of false arrest, false imprisonment, and malicious prosecution are dismissed with prejudice.

### 2. Trespass

In one sentence, and without any further elaboration, Thomas, Sr., attempts to state a claim against Detective Hyler for trespass "for disregarding [his] human rights and [his] property." (Doc. 13 at 7)  The defendants argue that sovereign immunity bars this claim. (Doc. 14 at 16–17) The Court agrees.

Florida's sovereign immunity statute reads:

> An officer, employee, or agent of the state or any of its subdivisions may not be held personally liable in tort or named as a party defendant in any action for any injury or damage suffered as a result of any act, event, or omission of action in the scope of his or her employment or function, unless such officer, employee, or agent acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.

Fla. Sta. § 768.28(9)(a).  Detective Hyler acted within the scope of his employment when he entered Thomas, Sr.'s, residence and arrested him.  Thomas, Sr., alleges no facts to support a

8

finding that Detective Hyler acted outside the scope of employment, in bad faith, with malicious purpose, or with a wanton and willful disregard of human rights, safety, or property. Accordingly, sovereign immunity bars Thomas, Sr.'s, state law trespass claim against Detective Hyler.

Although this is the first time that Thomas, Sr., attempts to state a trespass claim, the Court need not grant leave to amend because, by failing to timely respond to the defendants' motion to dismiss, Thomas, Sr., "clearly indicates he does not want to amend his complaint[,]" and this motion is considered unopposed. *See Horn*, 817 F. App'x at 874. Accordingly, the trespass claim is dismissed with prejudice.

### B. Sheriff Al Nienhuis

The defendants move to dismiss the failure-to-train claim asserted against Sheriff Nienhuis for failure to state a claim under *Monell v. Dep't of Social Servs. of City of New York*, 436 U.S. 658 (1978). (Doc. 14 at 17–22) They argue that Thomas, Sr., fails to identify a custom or policy that was the moving force behind the alleged constitutional violations.

In its earlier order, the Court set forth the legal standards governing a failure-to-train claim, identified the deficiencies in Thomas, Sr.'s, pleading, and permitted him an opportunity to amend. (Doc. 12 at 7–10) Nevertheless, Thomas, Sr., failed to cure those deficiencies in his Amended Complaint.

Thomas, Sr., again, describes his claim against Sheriff Nienhuis in one sentence. He alleges that Sheriff Nienhuis "has a policy, custom, or practice . . . [of] arresting without probable cause, violating citizen rights under the Fourth Amendment, [and] conducting unreasonable searches and seizures." (Doc. 13 at 5–6) He provides no factual allegations to

support this claim. The Court is not bound to accept as true a legal conclusion stated as a "factual allegation" in the complaint. *See Ashcroft*, 556 U.S. at 677–78.

Thomas, Sr., neglects to allege any supporting facts to show a deliberate or conscious choice by Sheriff Nienhuis (or the county) to decline to train its employees. Nor does Thomas, Sr., identify any other incidents in which county employees falsely arrested others without probable cause. And, he does not allege that the county knew of a particular need to train and deliberately chose not to undertake such training. Accordingly, Thomas, Sr.'s bare allegation is insufficient to state a claim for failure to train against Sheriff Nienhuis.

Because the Court already permitted Thomas, Sr. an opportunity to amend and he neglects to cure the deficiencies of this claim, the failure to train claim asserted against Sheriff Nienhuis must be dismissed with prejudice.

Additionally, to the extent that Thomas, Sr. intends to state a claim against Sheriff Nienhuis in his individual capacity, such claim must be dismissed with prejudice. He alleges no facts that Sheriff Nienhuis was "personally involved in acts or omissions that resulted in the constitutional deprivation." *Hale v. Tallapoose Cty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). And, the Court need not permit Thomas, Sr., another opportunity to plead an individual-capacity claim against Sheriff Nienhuis because, by not responding to the motion to dismiss, Thomas, Sr., "clearly indicates he does not want to amend his complaint." *See Horn*, 817 F. App'x at 874.

### C. Punitive Damages

The defendants correctly argue that Sheriff Nienhuis is immune from liability for punitive damages under 42 U.S.C. § 1983, and therefore, the claim for punitive damages should be dismissed. As the Court explained in its earlier order, "punitive damages are

10

unavailable in a suit against a county and, hence, in a suit against a county employee in his or her official capacity." *Chatham v. Adcock*, 334 F. App'x 281, 287 (11th Cir. 2009) (citing *Newport v. Fact Concerts*, 453 U.S. 247, 271 (1981) (stating that "a municipality is immune from punitive damages under 42 U.S.C. § 1983")). Accordingly, because Sheriff Nienhuis is immune from liability for punitive damages, the claim for punitive damages is dismissed with prejudice.

### IV.    Conclusion

Accordingly, for the reasons explained herein, the unopposed motion to dismiss (Doc. 14) is **GRANTED**, and the Amended Complaint is **DISMISSED WITH PREUDICE**. The Clerk is directed to enter judgment in favor of the defendants and to **CLOSE** this case.

**DONE and ORDERED** in Chambers in Tampa, Florida, this 13th day of February, 2025.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE