UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**DERREL L. THOMAS, SR., et al.,**

    **Plaintiffs,**

v.                                                                                          Case No. 8:23-cv-2777-MSS-AAS

**DETECTIVE T. HYLER, et al.,**

    **Defendants.**
_____/

## ORDER

On February 14, 2025, the Court granted as unopposed Defendants' motion to dismiss with prejudice Plaintiff Derrel L. Thomas, Sr.'s amended federal civil rights complaint. (Doc. 18) Accepting as true Thomas's meager factual allegations, the Court concluded that he failed to state a claim for false arrest, false imprisonment, malicious prosecution, trespass, and failure-to-train. (*Id*. at 7-9) Additionally, by failing to timely respond to Defendants' motion to dismiss after the Court granted him an extension of time to do so, Thomas clearly indicated he did not want to amend his amended complaint. (*Id*.) A judgment was entered in favor of Defendants on February 20, 2025, and this action remains closed. (Doc. 19)

Thomas now moves under Rule 60(b), Federal Rules of Civil Procedure, for relief from the Court's order of dismissal and judgment. (Doc. 21) Thomas argues the Court should not have dismissed his amended complaint because he had filed a motion to change venue in an unrelated case, *Thomas v. Beebe*, 8:23-cv-1699-MSS-TGW, which remained pending at the time this case was dismissed. In the motion to change venue, Thomas argued he "would not receive a fair hearing in the Tampa Division" because the district court judges in the Tampa Division were "bias[ed] and prejudice[d]." *See Thomas v. Beebe*, 8:23-cv-1699-MSS-TGW,

Doc. 48 at 1. Thomas argues that because he had questioned the impartiality of the district court judges in Tampa Division in *Thomas v. Beebe*, the Court should have resolved that issue before ruling on the motion to dismiss pending in this action.[1] (Doc. 21 at 3) Defendants filed a response in opposition to the Rule 60 motion. (Doc. 22)

A court may relieve a party from a final order for "mistake, inadvertence, surprise, or excusable neglect" or "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1), (6). "[A] judge's errors of law are [ ] 'mistake[s]' under Rule 60(b)(1)." *Kemp v. United States*, 142 S. Ct. 1856, 1860 (2022). "[R]elief under Rule 60(b)(6) is available only in 'extraordinary circumstances.'" *Buck v. Davis*, 580 U.S. 100, 123 (2017) (citation omitted). "In determining whether extraordinary circumstances are present, a court may consider a wide range of factors . . . includ[ing], in an appropriate case, 'the risk of injustice to the parties' and 'the risk of undermining the public's confidence in the judicial process.'" *Buck*, 580 U.S. at 123 (citation omitted).

Thomas neglects to identify any error of law or extraordinary circumstance that warrants reconsideration of the dismissal of this action. In *Thomas v. Beebe*, 8:23-cv-1699-MSS-TGW, Thomas sued deputies for federal civil rights violations that occurred in March 2020 when law enforcement entered his home and arrested him for misdemeanor battery. In this action, Thomas sued different deputies for federal civil rights violations that occurred in June 2023 when law enforcement executed a search warrant at his home and arrested him for drug trafficking. The two cases involve different defendants and unrelated factual allegations.

---

[1] *Thomas v. Beede* was administratively closed and the motion to change venue was terminated when Thomas filed a notice of appeal. *See* 8:23-cv-1699-MSS-TGW, Doc. 50.

Thomas has not explained why his questioning of the impartiality of the district court judges in *Thomas v. Beebe* warrants reconsideration of the dismissal of this unrelated action.

Furthermore, Thomas's mere disagreement, or dissatisfaction, with the Court's rulings does not warrant reconsideration of the dismissal of this action. *See Moore v. Shands Healthcare, Inc.*, 617 F. App'x 924, 927 (11th Cir. 2015) [2] ("Moore moved for a recusal based on his dissatisfaction with the rulings of the district court, but adverse rulings provide grounds for an appeal, not a recusal."). This action was dismissed because Thomas failed to state a claim for any federal civil rights violation and because he neglected to respond to Defendants' motion to dismiss. And, by neglecting to respond to Defendants' motion to dismiss, Thomas failed to raise the issue of his pending motion for change of venue in *Thomas v. Beebe*. Thomas presents no argument or evidence to call that ruling into question.

Because Thomas fails to demonstrate that the order dismissing this action contains an error of law or that extraordinary circumstances otherwise justify relief, his Rule 60(b) motion for relief is **DENIED**.

**DONE and ORDERED** in Chambers in Tampa, Florida, this 5th day of November, 2025.

_____
MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

---

[2] 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.")